UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ricky Hughes,                                                   Civil No. 19-2733 (DWF/LIB)

          Plaintiff,

v.                                                              MEMORANDUM OPINION
                                                                                 AND ORDER
Wisconsin Central Ltd., Portaco, Inc.,
and Racine Railroad Products, Inc.,

          Defendants.

---

Michael B. Gunzburg, Esq., Ridge & Downes; and Russell A. Ingebritson, Esq., Ingebritson & Assocs., PA, counsel for Plaintiff.

Leslie A. Gelhar, Esq., Donna Law Firm, P.C., counsel for Defendant Wisconsin Central Ltd.

Todd L. Nissen, Esq., Law Office of Kristin B. Maland, counsel for Defendant Portaco, Inc.

Raymond L. Tahnk-Johnson, Esq., Law Offices of Steven G. Piland, counsel for Defendant Racine Railroad Products, Inc.

---

INTRODUCTION

      This matter is before the Court on Defendant Wisconsin Central Ltd.'s ("WCL") Motion for Summary Judgment (Doc. No. 69), Defendant Portaco, Inc.'s ("Portaco") Motion for Summary Judgment on Plaintiff's Bankruptcy Nondisclosures (Doc. No. 115), and Defendant Racine Railroad Products, Inc.'s ("RRP") Amended Motion for

Summary Judgment-Estoppel (Doc. No. 105).[1]  For the reasons set forth below, the Court denies the motions.

## BACKGROUND

In 2016 and 2017, Ricky Hughes ("Hughes" or "Plaintiff") worked at WCL maintaining railroad tracks.  Plaintiff alleges that he was injured in two accidents, both occurring on the job at WCL.  (*See generally* Doc. No. 33 ("SAC").)  The first accident occurred on October 24, 2016, when Plaintiff was working with a crew to raise a low section of track using track jacks.  The second accident occurred on August 8, 2017 and involved a hydraulic spike puller tool.  RRP manufactured the spike puller and distributed it to Portaco, which then supplied it to the railroad where it was eventually used by Plaintiff.  Plaintiff's lawsuit against WCL was brought under the Federal Employers Liability act ("FELA"), 45 U.S.C. § 51, *et seq.*  In addition, Plaintiff has asserted pendant state-law claims against RRP and Portaco based on strict liability and negligence arising out of an alleged defective condition of the spike puller, as the manufacturer and distributor, respectively.

On May 2, 2012, years before the accidents, Plaintiff filed a voluntary Chapter 13 petition in the United States Bankruptcy Court for the District of Minnesota.  (Doc. No. 75 ("Nissen Aff.") ¶ 1, Ex. A.)  At the same time, Plaintiff filed the following:

---

[1]  The Court granted the parties' request to bifurcate the judicial estoppel motions at issue here from motions for summary judgment on Plaintiff's product liability claims. (Doc. No. 86.)  Thus, the only issues before the Court are questions of standing and judicial estoppel arising from a pre-suit bankruptcy matter.

- Schedule B—Personal Property, requiring him to list "contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims . . . [with] estimated value of each." (*Id.* at 10). In response, Plaintiff checked "None." (*Id.*)

- Schedule C: Property Claimed as Exempt, requiring him to list the property he claimed as exempt from creditors, the value of such property, the value of the claimed exemption, and the laws specifying the exemption. (*Id.* at 12.)

- Statement of Financial Affairs, requiring him to list all suits and administrative proceedings to which he was a party within one year immediately preceding the filing of his bankruptcy. (*Id.* at 30.)

- Plaintiff listed $106,313 of unsecured debt. (*Id.* at 6.)

In addition, Plaintiff received and signed the Notice of Responsibilities of Chapter 13 Debtors and their attorneys, which provides the rules debtors must follow. Specifically, the Notice states that the Chapter 13 debtor shall:

> Prior to and throughout the case, timely provide the attorney with full and accurate financial and other information and documentation the attorney requests, INCLUDING BUT NOT LIMITED TO:
> . . .
> 14. Information and documents related to any lawsuits in which the debtor is involved before or during the case or claims the debtor has or may have against third parties.

(Nissen Aff. ¶ 6, Ex. F. at 3-4.)

On February 9, 2018, the bankruptcy court entered an order discharging Plaintiff's debt. (Nissen Aff. ¶ 3, Ex. D.) In the Trustee's Final Report and Account, the trustee

3

notes that $81,045.53 of Plaintiff's unsecured debt had been discharged without full payment.  (*Id*. ¶ 5, Ex. E (Trustee's Final Report Account).)  On March 15, 2018, Plaintiff's bankruptcy was closed.  (*Id*. ¶ 3, Ex. C.)

Plaintiff filed a Second Amended Complaint on August 6, 2020.  (Doc. No. 33.)  On August 27, 2021, Plaintiff filed an Application to Reopen the Bankruptcy, and the case was reopened the same day.  (Doc. No. 98 ("Gunzburg Aff.") ¶ 2, Ex. A.)  The Summary of Schedules in the bankruptcy case was amended on August 30, 2021 to reflect the potential personal injury and FELA claims as assets of the bankruptcy estate.  (*Id*. ¶ 2, Ex. B.)

## DISCUSSION

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.  *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996).  However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Enter. Bank*, 92 F.3d at 747.  The nonmoving party must demonstrate the existence of specific facts in the

record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Defendants argue at the time of both injuries, Plaintiff had an open plan for Chapter 13 bankruptcy protection and that Plaintiff failed to inform the bankruptcy court or trustee of the pending personal injury claims. On that basis, Defendants move for summary judgment based on lack of standing and judicial estoppel. In particular, Defendants argue that Plaintiff lacks standing to pursue this case because he is pursuing this lawsuit on his own behalf and not on behalf of the bankruptcy estate. Defendants argue that this is true even after reopening the bankruptcy action and amending the schedules because standing is determined at the time of the filing of the lawsuit. In addition, Defendants argue that Plaintiff is judicially estopped from pursuing this lawsuit because he took an inconsistent position in the bankruptcy case by failing to disclose all of his bankruptcy estate assets.

Pursuant to 11 U.S.C. § 541(a), "all legal or Equitable interests of the debtor in property as of the commencement of the case" becomes property of the bankruptcy estate. 11 U.S.C. § 541(a)(1)(2010). A debtor is required to report all assets, including "all legal and equitable interests of the debtor in property as of the commencement of the case" on the debtor's schedules. *See In re Brokaw*, 452 B.R. 770, 772 (E.D. Mo. 2011) (citation omitted). Chapter 13 expands the definition of estate property to include "all

5

property . . . specified in [§ 541] that the debtor acquires after the commencement of the case but before the case is closed." 11 U.S.C. § 1306(a)(1).  Further, unless the trustee abandons the property, only the trustee (as a representative of the estate) has the authority to pursue a cause of action belonging to bankruptcy estate.  *See Richardson v. United Parcel Serv.*, 195 B.R. 737, 739 (E.D. Mo. 1996).  However, a Chapter 13 debtor in possession may prosecute an action on behalf of the bankruptcy estate.  Fed. R. Bankr. P. 6009; *see also, e.g., Dufrene v. ConAgra Foods, Inc.*, 196 F. Supp. 3d 979, 982 (D. Minn. 2016) (concluding that a Chapter 13 debtor in possession has standing to bring a suit in the debtor's name on behalf of the bankruptcy estate; noting that the conclusion is based on the plain language of the Bankruptcy Code, persuasive legal analysis of other circuits, and is consistent with the Eighth Circuit's analysis in other contexts of the debtor's role in Chapter 13 bankruptcy).

Here, there is no dispute that Plaintiff did not list the present case on his schedule of assets and liabilities.  However, Plaintiff has submitted evidence that the bankruptcy case has been reopened and that he has now amended his schedules to include the present personal injury claims.[2]  Plaintiff submits that he moved to reopen the case "so his FELA claim may be pursued on behalf of the estate." (Gunzburg Aff. ¶ 2.)  Plaintiff further submits that once the bankruptcy is reopened, the debtor has standing to litigate actions that were the property of the bankruptcy estate.

---

[2]    Portaco indicates that it has filed a Motion to Alter the Order reopening the bankruptcy case, and that a hearing on that matter was schedule to occur on October 18, 2021.  (Doc. No. 126 at 4.)

Defendants, however, assert that Plaintiff's attempt to reopen the bankruptcy case is too late because the bankruptcy plan is closed and no further modifications are allowed. However, it appears that the question of whether modifications to the bankruptcy plan are possible is unanswered because the bankruptcy case has been reopened. The Court, therefore, concludes that the issue of standing remains unclear, as a determination on Plaintiff's standing will depend on whether the bankruptcy estate stands to benefit from any potential recovery in the present case. Therefore, the Court will deny the motion to dismiss for lack of standing without prejudice and stay this action pending a determination in the Bankruptcy Court that will clarify whether the reopening of the bankruptcy case would allow for a benefit to the estate.

Further, the doctrine of judicial estoppel precludes a party from taking inconsistent positions in related litigation. *See U.S. ex rel. Gebert v. Transp. Admin. Servs.*, 260 F.3d 909, 917 (8th Cir. 2001). Here, Defendants argue that failing to list his claim in this lawsuit on his schedule of assets is a proper basis for judicial estoppel. While recognizing that the nondisclosure of an asset in a bankruptcy schedule can serve as the basis for estoppel, the Court declines to apply the doctrine here. First, Plaintiff has provided evidence that the bankruptcy case has been reopened. Second, the record does not suggest that Plaintiff acted with any intent to defraud creditors or to intentionally mislead or manipulate the judicial system. Third, even though the bankruptcy case had been concluded, it is not clear to the Court that the interests of the creditors are not still implicated in the reopened proceeding. That being said, the Court notes that this case

presents unique facts and an unusual procedural posture, and further that the path of this case could be impacted by that of the reopened case in the Bankruptcy Court.

The Court believes that the best course is to deny Defendants' motions without prejudice to Defendants' right to reassert them during the proceedings in Bankruptcy Court or before this Court at a later date.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motions for Summary Judgment (Doc. No. [69], [105], and [115]) are **DENIED WITHOUT PREJUDICE** consistent with the order above.

2. This case is **STAYED** to allow the parties to seek clarification in the bankruptcy case on the issue of whether the reopening of that case will allow for a benefit to the bankruptcy estate should Plaintiff pursue and recover on the claims asserted in this case.

3. The parties are instructed to update the Court promptly when they receive clarification on the above issue.

4.  The motion hearing scheduled for Thursday, November 4, 2021, is **CANCELLED** and will be rescheduled in the future if necessary. The parties are directed to file a notice or letter withdrawing all motions pending for that hearing date. The motions can be re-filed in the future if necessary.

Dated:  October 29, 2021                s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge